VOORHIES
USE OF CAPPEL
*vs.*
MULHOLLAN.

A plea of *res
judicata* sustain-
ed, if it appear
the party claim-
ed the same
thing in anoth-
er suit, where it
was disallowed.

## VOORHIES' USE OF CAPPEL, vs. MULHOLLAN.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The plaintiff sues on an obligation of the defendant, originally given to Voorhies, and by him transferred to Cappel.

The defendant did not deny the obligation but alledged that Voorhies owed him a large sum, for that he, Cleveland and the defendant purchased together a tract of land for 1,106 dollars. That the defendant paid two-thirds of the sum, &c. Further, that the plaintiff theretofore sued the defendant for the same cause of action, and the latter had judgment.

There was judgment for the defendant, and the plaintiff appealed.

M·Cummin deposes that he had a twelve months bond, which he received from the sheriff of Avoyelles, subscribed by Voorhies for 700 dollars—which sum Voorhies paid the sheriff, and the sheriff to the deponent, in February, 1822.

Cleveland, the sheriff, deposed he understood from Voorhies that the obligation sued on was given in part payment of two negroes sold by him to the defendant—that Voorhies was the

West'n District,
*Sept.* 1824.

Voorhies
use of Cappel
*vs.*
Mulhollan.

defendant's surety in a twelve month bond for 1106 dollars; in December, 1820, the defendant gave his part of a note for 3600 dollars, the joint property of Voorhies, the defendant and deponent, and the obligation now sued on, for the said slaves; Voorhies failing to get payment of the note sued Wells, from whom it came, obtained a judgment, which remaining unsatisfied, he sued the present defendant and failed. Voorhies then sold the claim to R. Martin, for a tract of land and a note for 600 dollars—for which he has judgment; the witness knows nothing about the bond, but what is here related. He received 833 dollars 33 cents from Voorhies, as his share of the $3600.

The record of Voorhies' suit against the present defendant was introduced.

In this latter suit the plaintiff failed. The statement of facts shews, the record of the suit Voorhies vs. Wells was read: that Cleveland deposed that he, Voorhies and Mullholland, bought in partnership a tract of land for $1106, giving a twelve month bond, which is yet unpaid. The deed was given to Mulholland, and Voorhies became his surety. Mullholland sold the land to Wells for $3600, and received the obligation and papers referred to in

West'n District, the record of the suit Voorhies vs. Wells.   On
Sept. 1824.
receiving an assignment  of  that  obligation,
Voorhies paid  the  deponent  the  third  of  the

VOORHIES
USE OF CAPPEL
vs.
MULHOLLAN.

profit in this speculation, $833 33 cents, and gave
Mullholland  two  negroes  and  his  note  for  $500
—Mullholland acted as the agent of all the par-
ties in making the sale of the land to Wells, and
receiving  the  obligation  for  $3600.    Voorhies
assented  to  the  sale.    The  deponent  under-
stood the draft given in settling  the  concern  is
for a $2494.

It appears clearly that the note now sued up-
on—and the $833 33, to which Mullholland was
entitled as his  share  of  the  profits  in  the  land
speculation, constituted  the  price  of  two  ne-
groes,  sold  to  him  by  Voorhies,  which  was
claimed  by the latter,  and  made  part  of  the
$3,600, the whole amount of Voorhies' claim.

In the said suit Voorhies' claim for  the  $500
now  claimed was  considered  and  disallowed,
and if it was improperly so,  he  ought  to  have
appealed—but the judgment unappealed from
constitues the *res judicata*  alleged  by  Mullhol-
land.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed, with costs.

*Bullard & Boyce* for the plaintiff, *Thomas* for the defendant.